1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11   UNITED STATES OF AMERICA,
                                         NO. CR. S-00-487 FCD
12            Plaintiff,

13       v.                              MEMORANDUM AND ORDER

14   MARK ANTHONY DIXON,

15            Defendant.

16
                                ----oo0oo----
17

18       On December 29, 2004, the Ninth Circuit vacated this court's

19   prior suppression order and remanded the case for the court to

20   reconsider defendant's motion to suppress in light of the United

21   States Supreme Court's decision in United States v. Banks, 540

22   U.S. 31 (2003).  The court heard oral argument on defendant's

23   renewed motion to suppress on July 12, 2005.  By this order, it

24   hereby DENIES defendant's motion.

25       Defendant originally filed his motion to suppress on

26   December 18, 2000.  The court, relying solely on the Ninth

27   Circuit's opinion in United States v. Banks, 282 F.3d 699 (9th

28   Cir. 2002), granted the motion on May 9, 2002, finding that

                                    1

1 because the Ninth Circuit determined in <u>Banks</u>, a case factually

2 almost identical to this one, that a wait of 15 to 20 seconds

3 before forced entry was "unreasonable," that the wait here, some

4 20 to 30 seconds, was likewise unreasonable.

5    Subsequently, the Supreme Court reversed the Ninth Circuit's

6 decision in <u>Banks</u>.  <u>Banks</u>, 540 U.S. at 38-40.  The Supreme Court

7 held that an interval of 15 to 20 seconds from the officers'

8 knock and announcement of a search warrant for drugs until forced

9 entry was reasonable, given the exigency of possible destruction

10 of evidence.  <u>Id.</u> at 39-40.  Defendant argues that despite this

11 holding, this court's previous order was correctly decided, and

12 the Supreme Court's decision does not compel a different result.

13 The court disagrees.

14    In its previous order, the court, applying the guidelines of

15 the Ninth Circuit, as set forth in <u>Banks</u>, found that it was

16 unreasonable to wait only twenty to thirty seconds after the

17 knock and announcement of a search warrant at 8:40 a.m. before

18 forcing entry.  In so holding, the court analogized this case to

19 the facts in <u>Banks</u>, where the Ninth Circuit found that a wait of

20 15 to 20 seconds before forcing entry at 2:00 p.m. was

21 unreasonable.

22    In reversing the Ninth Circuit's decision, the Supreme Court

23 teaches that the relevant inquiry is the particular exigency at

24 stake--the opportunity of the occupant of the dwelling to dispose

25 of the drugs.  In that light, the Court noted that significant

26 circumstances include "the arrival of the police during the day,

27 when everyone inside would probably have been up and around, and

28 the sufficiency of 15 to 20 seconds for getting to the bathroom

1  or the kitchen to start flushing the cocaine down the drain."

2  <u>Banks</u>, 540 U.S. at 40.

3      While, here, Officer Bottomly considered several

4  possibilities including the absence of an occupant or that the

5  occupant was sound asleep, he nevertheless after 20 to 30 seconds

6  forced entry.  Clearly he could have waited longer.  The

7  question, however, is whether officers armed with a warrant and

8  with reasonable cause to believe quantities of cocaine were in

9  the apartment should wait beyond a 20 to 30 second interval of

10  continued knocking before forcing entry.

11      The Supreme Court concluded in <u>Banks</u> that "15 to 20 seconds

12  does not seem an unrealistic guess about the time someone would

13  need to get in a position to rid his quarters of cocaine."  <u>Id.</u>

14  It further found that when evaluating the risk of disposal of

15  drugs, a number of circuit courts found range of 10 to 30 seconds

16  a reasonable waiting period.  <u>Id.</u> at 38 n.5.  The Court found

17  that these courts reached "sensible results," including the D.C.

18  Circuit, in <u>United States v. Spriggs</u>, 996 F.2d 320 (D.C. Cir.

19  1993), which found a 15 second wait after an audible announcement

20  *at 7:45 a.m.* reasonable.  <u>Id.</u> at 39.

21      In its previous order, this court compared the Ninth

22  Circuit's holding that a 15 to 20 second wait at 2:00 p.m. was

23  unreasonable to the 20 to 30 second wait at 8:40 a.m. here.

24  Following the Ninth Circuit's guidelines, the court found the

25  latter also unreasonable particularly in light of the time of

26  day.  The court reconsiders this holding and now finds that under

27  the facts of this case, a wait of 20 to 30 seconds after a knock

28

1 and announce at 8:40 a.m. on a weekday[1] is reasonable.

2      The essential facts of this case and <u>Banks</u> differ only as to

3 time of day and the waiting period before forced entry.  Though

4 forced entry was not made in mid-day as in <u>Banks</u>, the knock and

5 announce did occur during day light hours at a time when people

6 "probably [would] have been be up and around."  <u>Id.</u> at 40.  While

7 the officers may have thought that the occupant might be asleep

8 or absent altogether, given the Supreme Court's definition of

9 exigent need under these circumstances, the fact pattern here

10 (involving a 20-30 second wait) fits squarely within the

11 parameters of reasonable conduct approved by the Court.

12      Thus, under the totality of circumstances the court finds

13 that the officers' forced entry in this case after a wait of 20

14 to 30 seconds was reasonable.  Defendant's motion to suppress is

15 therefore DENIED.

16      IT IS SO ORDERED.

17 DATED: July 13, 2005.

18                                    /s/ Frank C. Damrell Jr.
                                     FRANK C. DAMRELL, Jr.
19                                    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

---

27      [1]    As the government has requested, the court may properly
take judicial notice of the fact that the search here, conducted
28 on September 14, 2000, was done on a weekday.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28